### L. P. ALBRIGHT, APPELLANT, V. STATE LIFE INSURANCE COMPANY, APPELLEE.

#### FILED NOVEMBER 9, 1907. NO. 14,959.

Insurance: CONTRACT: PAROL EVIDENCE. Where, in a written application for life insurance, the applicant agrees that no statements, promises or information made or given by the person soliciting or taking such application shall be binding on the company, unless embodied in the application and presented to the company at its home office as a part thereof, the applicant cannot show that such application was conditioned upon an agreement not contained therein, made by the agent soliciting the application, that the company was to make a real estate loan for the amount of the policy.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*L. H. Blackledge* and *J. S. Gilham,* for appellant.

*Crane & Boucher* and *Fred Maurer, contra.*

CALKINS, C.

On the 10th day of September, 1903, one J. W. Howard, who was a soliciting agent for the defendant, a life insurance company, and authorized to take applications for life insurance policies and collect the first premium therefor, orally represented to the plaintiff that the defendant would make him a $4,000 loan if he would take out a $4,000 policy, to be secured by a mortgage at the rate of 5 per cent. Howard was provided by the defendant with blank applications and receipts for the first year's premium, but it does not appear that he had authority to solicit for loans or that he was provided with any forms issued by the defendant for that purpose. The plaintiff thereupon signed an application for a policy of life insurance in the sum of $4,000, and executed his note payable to "J. W. Howard, agent," March 1, 1904, in the sum of $236.92, the amount of the first annual premium. The

application contained the provision: "I agree that no statements, promises or information made or given by the person soliciting or taking this application shall be binding on the company, unless such statements, promises or information be reduced to writing and presented to the officers of the company at the home office with this application, and that this application and the policy hereby applied for, taken together, shall constitute the entire contract between the parties hereto." Howard thereupon took one of the ordinary receipts of the defendant, which, as printed, acknowledged the receipt of the first annual premium and provided that the insurance would be in force from the date of the approval of the application by the medical director, and that, in case the policy should not be issued, the money paid would be refunded, and inserted therein: "Received of L. P. Albright note for $236 in favor of J. W. Howard, agent; this note not to be negotiated nor collected until policy is issued and $4,000 loan has been made to the applicant." The plaintiff made upon a blank form in ordinary use an application for a loan, which was delivered with the application for insurance to the agent Howard. What became of the application for a loan does not appear, but the application for the insurance was in due course received by the defendant.

The next transaction appearing in the record is a letter from the president of the defendant company, dated December 11, 1903, and addressed to the plaintiff, as follows: "Replying to your letter of December 8, in which you say you gave an agent of ours, whose name you do not mention, an application for a policy of $4,000, conditioned that the home office would loan you $4,000 at 5 per cent. on real estate in your city by March 1, next, was duly received. None of our agents has authority to make any such contract for loans, and we would not accept a loan under any such conditions. Our loan department and insurance department are run entirely separate, and if you

were to take $100,000 of life insurance it would not influence us at all in making you a loan, except such as could be made on your policy at the proper time. I am glad you wrote me about this matter before complications could arise. I wish you would send r.. the name of the agent. Yours truly, A. M. Sweeney, President." After receiving this letter the plaintiff, on December 23, 1903, appeared before the medical examiner of the company at Red Cloud, Nebraska, to whom his application had been returned, and submitted to a medical examination, signing that portion of the application relating to his family history. The report of the examiner being satisfactory, the application was accepted by the company and a policy of insurance was issued on January 13, 1904, and sent to the plaintiff by mail. This policy the plaintiff returned to the company, but without letter or explanation, and when the company requested such explanation he wrote on the back of its letter, dated March 30, 1904: "I return herewith policy. Your agent has bound you by contract which must be carried out before I accept policy." Meanwhile the note had passed into the hands of the First National Bank of Omaha, and the plaintiff was compelled to pay the same. It does not appear who received the proceeds of the note, but it bears the indorsement in blank of J. W. Howard, agent, and George J. Crane, who was the state agent of the defendant. After the payment by the plaintiff of the note in question, in February, 1905, he brought this action to recover from the defendant the amount which he was required to pay thereon, on the ground that the defendant had failed to fulfil the contract or return the note given by him. The issues being made up upon this plea, there was a trial to a jury, and, the plaintiff having given testimony tending to establish the foregoing facts, the court at the conclusion thereof directed a verdict for the defendant; and the plaintiff brings this appeal from the judgment rendered upon such verdict.

It is not claimed that the soliciting agent, Howard, had any actual authority from the defendant to make any

agreement for the loan of money upon the security of real estate, and the power of soliciting applications for life insurance clothed him with no apparent authority to make such contracts, or to condition contracts for life insurance upon the making of loans. The application which the plaintiff signed, and which alone appears to have come to the defendant's notice, was complete in itself and contained no stipulation respecting any loan to be made to the plaintiff upon real estate security. In it the plaintiff agreed that no statements, promises or information made or given by the person soliciting or taking the application should be binding on the company, unless the same should be reduced to writing and presented to the defendant at the home office as a part of such application. It is not suggested why this was not a reasonable and just provision and one which should be enforced by the court. The agreement to make a loan of its funds upon real estate security is not germane to the contract of life insurance, and the two branches of business should be, and by all reputable companies are, kept entirely separate. A life insurance company is a trustee for its policy holders, and for it to promise real estate loans to induce applications for its policies would be an unfaithful exercise of its stewardship. After being informed by the defendant that no agent had authority to make any such contract, and that the defendant would not make a loan under any such conditions, the plaintiff presented himself for medical examination and signed the certificate as to his family history indorsed upon his original application, and it might well be held that, the defendant having thereupon issued its policy of insurance and placed itself under the liability thereby created, the plaintiff would be estopped to claim that the contract contained any other stipulation or condition than that embodied in the application and policy. But it is not necessary to determine that question, as the stipulations in the application excluded any other condition or agreement. The plaintiff relies on the cases of *New York Life Ins. Co. v. Baese*, 31 S. W. (Tex. Civ.

App.) 824, and *New York Life Ins. Co. v. Rohrbough & Co.,* 2 Willson, Civ. Cas. Ct. App. (Tex.) 167. Neither of these cases is in point. In the first the company did not issue the policy, and in the second it does not appear that a written application was made, though it seems that the company knew that the solicitor had promised to issue a policy conditioned that the insured might travel without restriction, and it refused to issue a policy in that form.

We therefore recommend that the judgment of the court below be affirmed.

AMES, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the court below is

AFFIRMED.